UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                      Case No.  8:06-cr-384-T-24 TGW

EDUARDO SEGUNDO JIMENEZ-RAMOS
_____/

**ORDER**

This cause comes before the Court on Defendant Eduardo Segundo Jimenez-Ranos's Motion for Reconsideration of Reduction of Time Pursuant to 18 U.S.C. § 3582(c).  (Doc. 112).  The Government opposes the motion.  (Doc. 115).  For the reasons set forth below, the Motion (Doc. 112) is **DENIED**.

Title 18 U.S.C. § 3582(c)(1)(B) provides, in relevant part, that the Court may modify an imposed term of imprisonment to the extent expressly provided by Rule 35 of the Federal Rules of Criminal Procedure.  See 18 U.S.C. § 3582(c)(1)(B).  Rule 35 of the Federal Rules of Criminal Procedure provides that the Court may reduce a sentence more than one year after sentencing "[u]pon the government's motion" if the defendant's substantial assistance involved: 1) information not known to the defendant until one year or more after sentencing, 2) information provided by the defendant to the government within one year of sentencing but which did not become useful to the Government until more than one year after sentencing, or 3) information the usefulness of which could not have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the Government after its usefulness was reasonably apparent to the defendant.  See Fed. R. Crim. Pro. 35(b)(2).

In this case, the Government has not moved for a sentencing reduction under Federal Rule of Criminal Procedure 35.  The plea agreement also stated that "the determination as to whether 'substantial assistance' has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by

appeal, collateral attack, or otherwise." (Cr. Doc. 31, p.5; Cr. Doc. 115, p.2). The Government acknowledges that it Mr. Jimenez-Ramos was eligible for the safety valve provision at sentencing because he did initially speak with agents about his criminal participation. (Cr. Doc. 115, p.2). However, the Government states that Mr. Jimenez-Ramos has not provided information that would give rise to the filing of a substantial assistance or a Rule 35 motion. (Cr. Doc. 115, p.2). Moreover, there has been no showing of unconstitutional or discriminatory motive on the part of the Government. See Wade v. United States, 504 U.S. 181, 184-86 (1992).

Accordingly, it is ORDERED AND ADJUDGED that the Defendant Eduardo Segundo Jimenez-Ranos's Motion for Reconsideration of Reduction of Time Pursuant to 18 U.S.C. § 3582(c) (Doc. 112) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 2nd day of July, 2012.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
*Pro Se* Defendant