UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. Case No. 8:06-cr-384-T-24 TGW

DIMAS MURILLO MOSQUERA
_______________________________________/

**ORDER**

This cause comes before the Court on Defendant Dimas Murillo Mosquera's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c). (Doc. 114). For the reasons set forth below, the Motion (Doc. 114) is **DENIED**.

In this case, Defendant Mosquera has not provided any valid reasons for a sentencing modification. Other than citing 18 U.S.C. § 3582(c) in the title of his motion, Defendant Mosquera does not cite any facts supporting his request for a sentencing reduction. Defendant Mosquera did attach a list of educational classes he has completed while incarcerated.

18 U.S.C. § 3582(c) provides that the Court may modify a sentence under certain limited circumstances: 1) upon motion by the Director of the Bureau of Prisons, 2) as expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure, or 3) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o). See 18 U.S.C. § 3582(c).

The Director of the Bureau of Prisons has not filed a motion in this case, nor does Defendant Mosquera appear otherwise eligible for such a reduction under 18 U.S.C. § 3582(c)(1)(A). Defendant Mosquera has not shown extraordinary and compelling reasons to warrant a reduction and Defendant Mosquera has not already served 30 years of incarceration. See 18 U.S.C. § 3582(c)(1)(A).

Defendant Mosquera does not cite to any express statute that would permit a sentencing reduction. See 18 U.S.C. § 3582(c).

Rule 35 of the Federal Rules of Criminal Procedure provides that the Court may reduce a sentence more than one year after sentencing "[u]pon the government's motion" if the defendant's substantial assistance involved: 1) information not known to the defendant until one year or more after sentencing, 2) information provided by the defendant to the government within one year of sentencing but which did not become useful to the Government until more than one year after sentencing, or 3) information the usefulness of which could not have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the Government after its usefulness was reasonably apparent to the defendant. See Fed. R. Crim. Pro. 35(b)(2).

The Government has not moved for a sentencing reduction under Federal Rule of Criminal Procedure 35. Defendant Mosquera's plea agreement stated that "the determination as to whether 'substantial assistance' has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise." (Cr. Doc. 33, p.5). Moreover, there has been no showing of unconstitutional or discriminatory motive on the part of the Government. See Wade v. United States, 504 U.S. 181, 184-86 (1992).

Defendant Mosquera does not contend in his motion that he has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o).

Accordingly, it is ORDERED AND ADJUDGED that the Defendant Dimas Murillo Mosquera's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c) (Doc. 114) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 2nd day of July, 2012.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
*Pro Se* Defendant